■ JUDITH A. SCHONWIT, Appellant, v KENNETH SCHONWIT, Respondent. [599 NYS2d 631] —In an action for a divorce and ancillary relief in which a judgment of divorce was entered February 6, 1990, upon the defendant husband's default in answering, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Corso, J.H.O.), dated April 12, 1991, which, after a hearing, granted the defendant husband's motion to disqualify the plaintiff wife's attorney.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The wife, represented by the attorney whom the former

husband now seeks to disqualify, commenced this divorce action in April 1989. Upon the defendant husband's default in answering, a judgment of divorce was entered February 6, 1990. The judgment of divorce directed that a temporary order of support dated September 6, 1989, would continue in effect. The husband failed to pay the child support, maintenance, or counsel fees required pursuant to the judgment of divorce. Thus, the wife, in August 1990 moved to hold the husband in contempt for failing to make those payments. By notice of cross motion dated September 25, 1990, the husband requested a downward modification of the court-ordered child support and maintenance. Almost three months later, the husband moved to disqualify the wife's attorney from representing her in the matrimonial action. The court granted the motion, and we now reverse.

In support of his argument, the husband asserts that in July 1989 the wife requested a meeting to try to settle the case. The husband agreed to the meeting and, having previously discharged his retained attorney, appeared by himself. The wife's attorney, who had been the parties' neighbor for several years, was present at the meeting. The meeting lasted two hours, and the attorney subsequently presented the husband with a written settlement agreement, which he refused to sign.

At no time during these proceedings did the husband object to the attorney's continued representation of the wife. Indeed, it was not until months after the wife moved to hold the husband in contempt for failing to make any of the required payments to her, that he first objected to her attorney's participation in the action.

That the husband chose to default in this action, and that he inexplicably delayed in moving for disqualification, belies any genuine claim that he was prejudiced by the attorney's representation of the wife, or that the motion was anything but an afterthought or dilatory tactic (cf., *Aversa v Taubes,* 194 AD2d 579). Accordingly, his motion to disqualify the wife's attorney is denied. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.