■ LYN HARNETT, Respondent, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Respondents, and JAMAICA HOSPITAL, Appellant. [627 NYS2d 83] —In an action to recover damages for medical malpractice and wrongful death, the defendant Jamaica Hospital appeals from a judgment of the Supreme Court, Queens County (Golar, J.), dated June 30, 1993, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $839,910 (including $635,000 for conscious pain and suffering).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff $635,000 for conscious pain and suffering and substituting therefor a provision severing that cause of action, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering from the sum of $635,000 to the sum of $150,000, and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

The trial court properly denied the motion of the defendant

Jamaica Hospital for a mistrial and/or to disqualify the trial counsel of the defendant Long Island Jewish-Hillside Medical Center (hereinafter L.I.J.). To the extent that this motion was predicated upon the fact that counsel for L.I.J. had a prior relationship with Jamaica Hospital, the record clearly demonstrates that this relationship was unrelated in any way to the present litigation (see generally, Solow v Grace & Co., 83 NY2d 303, 310). In addition, the fact that this motion came midway through trial and some eight years after the commencement of this action clearly demonstrates tactical, rather than substantive motives (see, Schonwit v Schonwit, 194 AD2d 780; Talvy v American Red Cross, 205 AD2d 143). To the extent that the motion was predicated upon the fact that two confidential documents produced by an agent of Jamaica Hospital were inadvertently delivered by that agent to L.I.J.'s counsel, a review of these documents indicates that they contained no information which was not made available to L.I.J. through the depositions of the witnesses whose interviews were recorded in the documents. In addition, the breach of confidentiality was not attributable to any wrongdoing on the part of L.I.J.'s counsel. Thus, the granting of a mistrial on the motion of Jamaica Hospital, the party ultimately responsible for the breach, would not have been justified.

A review of the record reveals that under no reasonable view of the evidence could a rational fact-finder have concluded that any negligence on the part of L.I.J. or its doctors was a proximate cause of the decedent's death. To the extent that Jamaica Hospital's allegations of error in the charge of negligence are preserved for review, we find them to be without merit.

However, we find that the award for conscious pain and suffering was excessive to the extent indicated herein, in that it deviates materially from what would be reasonable compensation. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.