■ BRUCE A. LYALL et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent. [645 NYS2d 34] ■■■

The plaintiff Bruce Lyall, a firefighter for the defendant City of New York, commenced this personal injury action against the defendant seeking damages for second and third degree burn injuries sustained when, in the process of extinguishing a blaze in a building located in Queens, scalding water and embers came in contact with his knees and right shin. This action is based on the alleged negligence of the defendant in supplying Bruce Lyall with an inadequate uniform. There is conflicting evidence concerning whether the plaintiff's uniform was adequate and whether more protective firefighting equipment being used by other Fire Departments across the country should have been provided by the defendant. However, reviewing the record in a light most favorable to the plaintiff, the jury verdict on the issue of liability is supported by sufficient evidence (see, Nicastro v Park, 113 AD2d 129; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431).

The Supreme Court providently exercised its discretion in precluding the defendant from utilizing the expert testimony of its fact witness William Jones while refusing to preclude the testimony of the plaintiff's expert witness John O'Rourke, both of whom were retired Fire Department officials subject to conflict of interest disqualification (see, NY City Charter § 2604 [d]). The defendant failed to timely disclose the name of its expert as required by CPLR 3101 (d) (1) (i) and failed to provide an adequate explanation for this failure until the eve of trial, seven years after the plaintiffs' demand. In addition, the defen-

568

dant failed to establish good cause for its inordinate delay in seeking to disqualify the plaintiff's expert witness *(see, Harnett v Long Is. Jewish-Hillside Med. Ctr.,* 215 AD2d 726; *Quinn v Artcraft Constr.,* 203 AD2d 444; *Vigilant Ins. Co. v Barnes,* 199 AD2d 257).

We find, however, that the award for damages was excessive to the extent indicated herein, in that it deviates materially from what would be reasonable compensation (CPLR 5501 [c]).

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.