■ MICHAEL B. McDADE, Appellant, v JUDITH McDADE, Respondent. [659 NYS2d 530] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered December 23, 1996 in Albany County, which denied plaintiff's motion to disqualify defendant's counsel.

Following the commencement of this action by plaintiff for divorce in May 1994, defendant retained her brother, attorney Thomas Dulin of the Dulin Law Firm, to represent her. She thereafter commenced a Family Court proceeding relative to the issue of spousal support; during that proceeding plaintiff was represented by his present counsel and the support issue was fully contested. In October 1996, plaintiff's attorney, "for the first time", realized that Dulin may have acquired knowledge through his former relationship with plaintiff as the parties' family attorney relative to contested issues of equitable distribution in the matrimonial action that would disqualify him as defendant's attorney. Plaintiff thereafter moved for an order disqualifying Dulin and his law firm from representing defendant. The motion was denied without a hearing, resulting in this appeal.

We affirm. Plaintiff, as the party seeking disqualification, bore the burden of establishing (1) the existence of a prior attorney-client relationship, and (2) that the former and current representations are both adverse and substantially related (see, Solow v Grace & Co., 83 NY2d 303, 308). In our view, plaintiff has failed to sustain his burden.

While the record reveals that Dulin represented plaintiff and defendant during a closing on the marital residence and drafted reciprocal wills for them (which were later superseded

by wills drawn by another attorney), plaintiff has failed to demonstrate that this former representation was substantially adverse or related to the current representation. Although plaintiff alleges that he consulted Dulin regarding the purchase of Florida property which is in dispute in the matrimonial action, which Dulin denies, we find that even if such consultation occurred, there is no evidence that Dulin gained any relevant confidential information or that he engaged in any actual misconduct as a result thereof.

In any event, balancing defendant's interest in retaining counsel of her choice against plaintiff's right to be free from apprehension of prejudice (*see, Matter of Lambrou*, 208 AD2d 1093, 1094; *Murphy v Colbert*, 203 AD2d 619, 620; *see also, Cardinale v Golinello*, 43 NY2d 288, 296), we find the balance is struck in defendant's favor. Most notably, plaintiff was aware of the facts which formed the basis for the claim of conflict of interest from the commencement of this matrimonial action and has proffered no explanation for the almost $2^1/_2$-year delay in seeking disqualification. We agree with Supreme Court that the motion was "little more than a tactic clearly designed to stall and prolong a divorce action which could have been, and should have been, resolved long ago", and that to allow disqualification at this advanced stage of litigation would severely prejudice defendant in both a tactical and financial sense (*see, Natiello v Natiello*, 209 AD2d 389; *Schonwit v Schonwit*, 194 AD2d 780, 781). Accordingly, the motion was properly denied.

Plaintiff's remaining contentions have been carefully examined and found to be without merit.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.