■ JOAN SWERSKY, Appellant, v ROBERT B. SWERSKY, Respondent. [690 NYS2d 751] —In a matrimonial action in which the parties were divorced by judgment entered September 12, 1995,

the plaintiff former wife appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated March 21, 1998, which (1) granted the defendant former husband's motion to disqualify her attorney, and (2), upon the granting of her cross motion to direct the defendant to pay to her $20,000 being held in escrow by the defendant's attorney, directed that interest be paid only at the rate of 9% per annum instead of $37 per day.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion to disqualify the plaintiff's attorney and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The parties were married for nine years. A stipulation of settlement dated July 26, 1995, was incorporated, but not merged, into the judgment of divorce. Subsequent to the entry of the divorce judgment, a "social relationship" developed between the plaintiff and the attorney who represented her in the divorce action. Thereafter, the same attorney instituted proceedings on behalf of the plaintiff, *inter alia*, to enforce the provision of the stipulation requiring the defendant to pay to her $20,000 held in escrow by the defendant's attorney plus interest thereon in the sum of $37 per day, and to punish the defendant for contempt based on his alleged violation of a "Stay Away" order requiring the defendant to stay away from the former marital residence where the plaintiff still resided. The plaintiff's attorney was a witness to this alleged violation of the stay away order and when it became apparent that his testimony would be received at a hearing on this issue, he withdrew as counsel. After the hearing court struck the attorney's testimony as irrelevant, the attorney again began to represent the plaintiff, prompting the defendant's motion to disqualify the attorney based on both the attorney's status as a witness and his relationship with the plaintiff. The Supreme Court granted the motion and directed the plaintiff's attorney to withdraw from the case. In connection with the plaintiff's attempt to obtain the $20,000 being held in escrow, the court directed that interest on the $20,000 be paid by the defendant at the rate of 9% per annum.

Disqualification of the plaintiff's attorney was not required under the circumstances. The hearing court struck the attorney's testimony as irrelevant and, in any event, the testimony would have been repetitive of the plaintiff's anticipated testimony and would not have been required on any other issue. Accordingly, the defendant has failed to satisfy his heavy burden of showing that withdrawal is required because

the attorney's testimony is necessary to the proceeding (*see,* Code of Professional Responsibility DR 5-101 [B], [C] [22 NYCRR 1200.20 (b), (c)]; *S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437; *Broadwhite Assocs. v Truong,* 237 AD2d 162; *Moore & Moore Real Estate v Aloi,* 234 AD2d 683). Under the circumstances of this case, we find that disqualification was not warranted.

Finally, we agree with the Supreme Court that the provision of the separation agreement governing the amount of interest payable on the $20,000 held in escrow requires interest to be paid at the rate of 9% per annum. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.