■ Debbie Eisenstadt, Appellant, v Howard Eisenstadt, Respondent. [723 NYS2d 395] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marano, J.), dated July 21, 2000, which granted the defendant's motion to disqualify her attorney.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A party is entitled to be represented by the attorney of his or her choice. This is a valued right which should not be abridged absent a clear showing that disqualification is warranted (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437; Olmoz v Town of Fishkill, 258 AD2d 447; Feeley v Midas Props., 199 AD2d 238). Where, as here, a party moves to disqualify an opposing party's attorney on the ground that the attorney will be called as a witness at trial, the movant bears the burden of establishing that the attorney's testimony will be necessary (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Olmoz v Town of Fishkill, supra; Plotkin v Interco Dev. Corp., 137 AD2d 671). A "finding of necessity

takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). Taking these factors into consideration here, the defendant failed to sustain his burden of demonstrating that the testimony of the plaintiff's attorney will be necessary because the plaintiff is employed by the attorney as a paralegal. In this regard, we note that the amount of the plaintiff's earnings can be adequately established through her own testimony and the submission of documentary evidence, and that the testimony of her attorney would be cumulative (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446; *O'Donnell, Fox & Gartner v R-2000 Corp.,* 198 AD2d 154; *Swersky v Swersky,* 262 AD2d 397). Furthermore, the fact that the defendant waited over two years before moving to disqualify the plaintiff's attorney "belies any genuine claim that he was prejudiced * * * or that the motion was anything but an afterthought or dilatory tactic" (*Schonwit v Schonwit,* 194 AD2d 780, 781). Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.