■ RAYMOND G. KANE, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [731 NYS2d 761] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 20, 2000, which denied his motion for partial summary judgment against the City of New York on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the branch of the motion which is for partial summary judgment against the City of New York on the issue of liability is granted.

The plaintiff, a firefighter employed by the City of New York, sustained severe burn injuries while fighting a fire. He commenced this action against the City, based on its alleged negligence in supplying him with an inadequate uniform, and against the owner of the building based on, *inter alia*, General Municipal Law § 205-a. Relying on the doctrine of collateral estoppel, the plaintiff moved for partial summary judgment against the City on the issue of its liability for failing to provide him with an adequate uniform.

The doctrine of collateral estoppel precludes a party from relitigating an issue which has been decided against it. The party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in a prior action and is decisive in the present action. The party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate (*see, Weiss v Manfredi,* 83 NY2d 974; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449).

Contrary to the City's contention, the doctrine of collateral estoppel applies to the plaintiff's claim that the City failed to provide its firefighters with proper protective gear, as that very issue was previously litigated and decided against the City (*see, Lyall v City of New York,* 228 AD2d 566). The jury in *Lyall* determined that the City was "negligent in that its choice of standard and mandatory firefighter's uniform, a turnout coat, cotton denim pants and three-quarter length boots, was an irrational choice." The uniform furnished to the firefighter in the case at bar was identical to the uniform at issue in *Lyall.*

The issue of the apportionment of liability, if any, between the defendants is a matter for the jury (*see, Lee v Durow's Rest.,* 238 AD2d 384, 386; *Asante v Williams,* 227 AD2d 123). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.