Landa v Bleier (2003 NY Slip Op 51470(U))

[*1]

Landa v Bleier

2003 NY Slip Op 51470(U)

Decided on November 19, 2003

Supreme Court , Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 17, 2015; it will not be published in the printed Official Reports.

Decided on November 19, 2003

Supreme Court , Nassau County
 JUDY LANDA, Individually and on behalf of WEDGEWOOD CARE CENTER, INC. and BENJAMIN LANDA, Individually and on behalf of NEW SURFSIDE NURSING HOME, Plaintiffs, - -
against
ROBERT BLEIER, Defendant.
INDEX NO. 5929-03

COUNSEL FOR PLAINTIFFS
Abrams, Fensterman, Fensterman, Flowers & Eisman, LLP
1111 Marcus Avenue - Suite 107
Lake Success, New York 11042
COUNSEL FOR DEFENDANT
Cadwalader, Wickersham & Taft, LLP
100 Maiden Lane
New York, New York 10038

LEONARD B. AUSTIN, J.
ORDER
The following papers were read on Defendant's motion to disqualify, Abrams, Fensterman, Fensterman, Flowers & Eisman, LLP from representing Plaintiffs:
Order to Show Cause dated October 3, 2003;
Affidavit of Peter G. Bergmann, Esq. sworn to on October 3, 2003;
Affirmation of Robert Bleier dated October 2, 2003;
Defendant's Memorandum of Law;
Affidavit of Harold Fensterman, Esq. sworn to on October 9, 2003;
Affidavit of Anne Gottlieb sworn to on October 29, 2003;
Affirmation of Marvin L. Tenzer, Esq. undated;
Affirmation of Jerome T. Levy dated October 9, 2003;
Plaintiff's Memorandum of Law;
Affirmation of Robert Bleier dated October 14, 2003;
Defendant's Reply Memorandum of Law;
Affidavit of Howard Fensterman, Esq. sworn to on October 21,2003;
Affidavit of Peter G. Bergmann, Esq. sworn to on October 27, 2003.
[*2]
Defendant moves to disqualify the law firm of Abrams, Fensterman, Fensterman, Flowers and Eisman, LLP ("Abrams, Fensterman") from representing Plaintiffs in this action.
BACKGROUND
Plaintiff Judy Landa ("Judy") is a 25% shareholder in Wedgewood Care Center, Inc. ("Wedgewood"). Wedgewood is a corporation that owns and operates a nursing home in Great Neck.
Plaintiff Benjamin Landa ("Benjamin") is a member of New Surfside Nursing Home LLC ("New Surfside"), a domestic limited liability company, to the extent of owning a 50% interest therein. New Surfside owns and operates a nursing home in Far Rockaway.
Defendant Robert Bleier ("Bleier") is currently a 14% shareholder in Wedgewood and a 50% owner of New Surfside.
Benjamin and Bleier were both the managers of New Surfside until Benjamin's resignation in February, 2003. Bleier is now the sole manager of New Surfside.
Judy brings this action on her own behalf and as a shareholder on behalf of Wedgewood asserting that Bleier has violated his fiduciary duty to Wedgewood by
assigning a portion of his shares in Wedgewood to his brother and by loaning money from Wedgewood to his brother.
Wedgewood leases premises in which it operates the nursing home from Wedgewood Care Center Realty LLC ("Wedgewood Realty"). Wedgewood executed an Assignment and Security Agreement in favor of Red Mountain Funding, LLC ("Red Mountain") securing loans made by Red Mountain to Wedgewood Realty. Pursuant to the terms of the Security Agreement, Wedgewood agreed that it would not permit the transfer of any of its ownership interests without first obtaining the written consent of Red Mountain. The complaint alleges that, in December 1999, Bleier assigned a 3% interest in Wedgewood to his brother.
The complaint further alleges that Wedgewood agreed to certain financial covenants with Red Mountain as long as its leases with Wedgewood Realty were in effect. Wedgewood is alleged to have loaned $40,000.00 to Erwin Bleier in December 2002, at a time when it was in default of its financial covenants to Red Mountain.
In the first cause of action, Plaintiff alleges that the transfer of stock and the making of the loan constitute of breach of Bleier's fiduciary duty to the Wedgewood and its shareholders for which Judy and the corporation are entitled to damages.
Causes of action two through seven relate to New Surfside and the relationship of Bleier and Benjamin regarding the operation of that limited liability company. Benjamin alleges that in June 1998, New Surfside embarked on a project to add an
adult day health care program to its facilities. New Surfside was required to build additional facilities on its Far Rockaway facility to obtain approval to operate the adult day health care program. In order to finance this construction, New Surfside obtained a line of credit from Fleet Bank. Benjamin asserts that Bleier drew on this line of credit for purposes other than the business of New Surfside.
Benjamin further alleges that, in order for New Surfside to operate an adult day health care program, it needed to obtain approval for such a program from the New York State Department of Health. In order to obtain such approval, New Surfside must take possession of premises in Jackson Heights. Benjamin asserts that he signed the lease on behalf of New Surfside but that Bleier has refused to sign the lease. As a result, New Surfside stands to lose its approval from the New York State Department of Health to operated an adult day health care [*3]program.
New York State reimburses New Surfside for the cost of care provided to Medicaid eligible patients based upon a case mix index. In order to keep the case mix index current, New Surfside is required to periodically evaluate its patients on a form known as a patient review instrument which may be prepared only by qualified nurses. The patient review instruments are periodically audited by the Department of Health. Benjamin suggested that New Surfside retain an attorney to represent New Surfside to challenge the Department of Health audit. It is claimed that Bleier refused to retain the attorney recommended by Benjamin or, for that matter, to retain alternate counsel.
In February 2003, New Surfside was advised that it had failed the audit. As a result, New Surfside will have to incur expenses in connection with its next four patient assessments since such audits will have to be performed by a New York State Department of Health approved contractor. In addition, as a result of failing one of the stages of the audit, New Surfside may be required to reimburse the State of New York for overpayments of Medicaid. As a result of failing the audit, New Surfside may also be paid by Medicaid at a lower rate in the future. Benjamin alleges that had Bleier retained counsel to challenge the audit that this would not have happened.
Benjamin also claims that, starting in or about August 1988, he and Bleier each drew $2,520.00 out of New Surfside every two weeks. Beginning in February 1996, Bleier unilaterally increased his draw from New Surfside to $5,020.00. This increased draw was never approved by Benjamin and exceeds the fair value of the services rendered by Bleier to New Surfside.
Finally, Benjamin alleges that, in March 2002, Bleier entered into a lease for a new automobile for his personal use and is charging the costs of this lease to New Surfside.
Benjamin alleges in the second cause of action that the aforementioned activities by Bleier constitute a breach of Bleier's fiduciary duty to New Surfside for which damages are recoverable.
The third cause of action provides that pursuant to the terms of the New Surfside operating agreement that Bleier, as a manager, is not entitled to be compensated for services rendered to New Surfside and that the members of New Surfside were not permitted to draw any funds from New Surfside except upon agreement of the managers based upon the financial needs of New Surfside. Benjamin asserts that
Bleier's withdrawal of funds as described above constitutes a breach of the New Surfside operating agreement.
Based upon the same factual predicate, Benjamin seeks recovery against Bleier on the theories of waste (fourth cause of action); contribution for New Surfside's construction and operation of the adult dat health care program (fifth cause of action); a declaratory judgment establishing Bleier's obligation to contribute to the adult day health care program or, alternatively, to reduce Bleier's interest in New Surfside by an amount equal to his proportion he has failed to pay (sixth cause of action); and judicial dissolution of New Surfside (seventh cause of action).
Bleier has appeared in this action and denied the essential elements of the complaint. He has also asserted various affirmative defenses and counterclaims.
Bleier alleges that because of the Judy's interest in Wedgewood and Benjamin's interest in New Surfside that these nursing homes are required to purchase services and supplies from [*4]other entities in which Benjamin has a financial or beneficial interest. Bleier claims that Wedgewood and New Surfside paid more for these services and
supplies than they would have had they been able to purchase these items from unrelated vendors or in arms-length transactions.
Bleier also alleges that as a result of decisions made by Benjamin regarding the construction at Wedgewood that the cost of the construction has significantly exceeded the original bid causing Wedgewood to incur additional expenses and to lose operating revenue.
Bleier further alleges that Benjamin unilaterally executed a lease on behalf of New Surfside to rent property in Jackson Heights to operate an adult day health care program even though the New Surfside partnership agreement provides that no such action may be taken without the unanimous approval of all of the members of New Surfside.
Bleier claims that the Jackson Heights property is owned by an entity in which Benjamin has an interest. Bleier asserts that the terms of the lease, which he refused to sign, are beneficial to the lessor entity and detrimental to New Surfside.
Bleier further alleges that the Benjamin pledged his interest in New Surfside as security for a loan received from Fleet Bank to BBB Health Resources. BBB Health Resources is an entity in which Benjamin has an interest. The New Surfside partnership agreement is alleged to contain a provision which prohibits any member of the New Surfside from pledging or encumbering his interest in New Surfside. Bleier
further asserts that the New Surfside agreement requires unanimous consent of the members before New Surfside can guarantee any obligations of its members. Bleier asserts that Benjamin unilaterally made New Surfside a guarantor of the loan made to BBB Health Resources.
Based upon these allegations, Bleier has interposed four counterclaims. The first counterclaim asserts that these activities by the Landas constitute a breach of their fiduciary duty to Wedgewood for which they are liable to the corporation for damages.
The second counterclaim asserts that the activities by the Landas constitute a waste of Wedgewood corporate assets. Benjamin's alleged breach of the New Surfside agreements and breach if fiduciary duty constitute the third and fourth counterclaims.
At the commencement of this action, Plaintiffs sought a preliminary injunction. Prior to a hearing on that issue, the parties reached an agreement resolving the issues relating to Plaintiff's injunction request notwithstanding Bleier's claim that Abrams, Fensterman should be disqualified. Bleier now moves to disqualify Abrams, Fensterman from representing Judy and Benjamin in this action asserting that the allegations in the complaint and counterclaims create a conflict of interest between Abrams, Fensterman, Judy and Benjamin and Wedgewood and New Surfside. Bleier points to the fact that Abrams Fensterman is on retainer to both Wedgewood and New Surfside as proof of this conflict.
Bleier also asserts that attorneys from Abrams, Fensterman may have to be called as witnesses in the trial of this action and that the advocate-witness rule would
bar Abrams, Fensterman from continuing to represent the Landas.
DISCUSSION
A.Advocate-Witness Rule 
The Code of Professional Responsibility provides a guide for attorneys regarding their professional conduct. However, when raised in a litigation, the Code of Professional Responsibility cannot be considered as statutory or decisional law. The Code of Professional Responsibility, however, provides guidance to the Court. S & S Hotel Ventures Ltd. Partnership [*5]v. 777 S.H. Corp., 69 N.Y.2d 437 (1987).
The right of a party to an action to select his or her own attorney is a valuable and almost inviolate right. The attorney should not be disqualified unless there is a clear showing that disqualification is warranted. S & S Hotel Ventures Ltd. Partnership v. 777 S. H. Corp., supra; and Eisenstadt v. Eisenstadt, 282 A.D.2d 570 (2nd Dept., 2001).
An attorney should not accept employment in a matter if the lawyer knows, or it is obvious, that he/she will be called to testify on a significant issue on behalf of a client. 22 NYCRR 1200.21(a) [DR5-102(a)]. The attorney may represent the client and testify if his/her testimony relates solely to uncontested matters, matters of formality which are not in dispute, the testimony relates to the nature and value of legal services rendered
on behalf of the client in the action or the disqualification would work a substantial hardship to the client due to the distinctive value of the attorney's services in the case. 22 NYCRR 1200.21(a)(1)-(4) [DR5-102(a)(1)-(4)].
Likewise, neither an attorney nor his/her firm should accept employment in contemplated or pending litigation if the attorney knows or it is obvious that the specific attorney or another attorney with the firm may be called as a witness on a significant issue "...other than on behalf of the client, and it is apparent that the testimony would or might be prejudice to the client." 22 NYCRR 1200.21(b) [DR 5-102(b)].
The party seeking to disqualify an attorney bears the burden of establishing that the attorney will be called as a witness at trial and that the attorney's testimony is necessary. Eisenstadt v. Eisenstadt, supra; and Morgasen v. Federated Consultant Services, Inc., 174 A.D. 2d 656 (2nd Dept. 1991). See also, Luk Lamellen U. Kupplungsbau GmbH v. Lerner, 167 A.D.2d 451 (2nd Dept. 1990). When determining if the attorney's testimony is necessary, the court must take into account factors such as "...the significance of the matters, weight of the testimony, and the availability of other evidence." S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., supra at 446. See also, Eisenstadt v. Eisenstadt, supra.
In this case, Defendant has failed establish that any attorney currently associated with Abrams, Fensterman will have to be called as a witness or that the attorney's testimony would be prejudicial to the client. The papers submitted in support of the
motion to disqualify Abrams, Fensterman suggest that during discovery the alleged
violation of the Red Mountain Security Agreement and the alleged wrongful refusal to sign the lease for the Jackson Heights property will be explored. As a result, this "...could necessitate the testimony of one or more of the attorneys from Abrams, Fensterman." (Emphasis added) (Bergmann aff., 10/2/03, ¶ 26).
Bleier has failed to make the requisite showing to disqualify the Abrams, Fensterman firm on the grounds that an attorney with that firm will be a witness in this action. At most, Bleier asserts that an attorney with Abrams, Fensterman "could" be called as a witness. This is far short of what is required for the court to conclude that an attorney should be disqualified; a finding that the testimony of the attorney is necessary and/or that it will be prejudicial to the client. The party seeking to disqualify the attorney must establish not simply that the adversary intends to call the attorney as a witness but that the attorney should be called as a witness. The mere possibility that an attorney may be called as a witness is insufficient to justify disqualification on account of the "attorney-witness" rule. Lefkowitz v. Mr. Man, Ltd., 111 A.D2d 119 (1st Dept., 1985).
Furthermore, Bleier does not assert that the testimony of the attorney from Abrams, [*6]Fensterman would be adverse or prejudicial to the position taken by Plaintiff. Nor does Bleier suggest that such testimony, if any, would be anything but cumulative and repetitious.
The conclusory allegations that an attorney from Abrams, Fensterman could be called as a witness are insufficient to warrant their removal as attorneys for the Plaintiff.
S & S Hotel Ventures Ltd. Partnership v. 777 S. H. Corp., supra. See also, Haberman v. City of Long Beach, 298 A.D.2d 497 (2nd Dept., 2002).
B. Conflict of Interest - Appearance of Impropriety
Bleier also seeks disqualification of Abrams, Fensterman on the ground that there is a conflict of interest between the interests of Judy and Benjamin, Wedgewood and New Surfside and Bleier. Such conflict, if established, would place Abrams, Fensterman in violation of 22 NYCRR §1200.24(a)(b)[DR 5-105(a)(b)]. Such a conflict also creates an appearance of impropriety a violation of Canon 9 which provides that an attorney should avoid even the appearance of impropriety.
The claim of the conflict of interest is premised on an assertion that Abrams, Fensterman has acted as general counsel to Wedgewood and New Surfside over the past several years. Bleier further alleges that Abrams, Fensterman has a conflict based upon the allegation that he violated provisions of the security agreement between Wedgewood and Red Mountain. This, Bleier argues, creates a conflict between Landa and Wedgewood since this would create a default under the terms of the Red Mountain security agreement.
Bleier also asserts that there is a conflict since Abrams, Fensterman has represented Benjamin his capacity as a member of New Surfside, as a supplier of New
Surfside and Wedgewood and as the landlord of the Jackson Heights property which is to be leased by New Surfside in connection with its adult day care program. Finally, Bleier asserts that the counterclaims create a conflict between Abrams, Fensterman and Plaintiffs because it is now representing parties with two distinct interests. They are the Landas who seek to recover from Bleier on behalf of Wedgewood and New Surfside on the one hand and the Landas who seek to defeat Bleier's counterclaims interposed on behalf of Wedgewood and New Surfside.
In response, Abrams, Fensterman asserts that it is not general counsel to either Wedgewood and New Surfside. Abrams, Fensterman concedes that it receives a monthly retainer from both entities for which it provides advice and consultation on health care regulatory matters and pre-litigation advice on collection matters.
While Abrams, Fensterman has represented New Surfside and Wedgewood in other matters, that representation is on an ad hoc basis for which it receives an additional fee. Abrams, Fensterman specifically denies that it represented any of Wedgewood, New Surfside, Bleier or Judy Landa or Benjamin Landa in connection with any of the transactions which form the basis of the allegation in the complaint.
Furthermore, Abrams, Fensterman denies representing any other Landa controlled entities in connection with legal dealing involving New Surfside or Wedgewood. The submissions on this motion establish that New Surfside and
Wedgewood have been represented by other counsel in connection with numerous other transactions.
The party seeking to disqualify counsel for a party bears the burden of establishing that a there is, in fact, a conflict of interest. An attorney will not be disqualified unless there is a clear showing that disqualification is warranted. Horn v. Municipal Information Services, Inc., 282 A.D.2d 712 (2nd Dept. 2001); and Olmoz v. Town of Fishkill, 258 A.D.2d 447 (2nd Dept. 1999).
[*7]
In deciding whether a conflict requiring disqualification exists, the Court must consider if the lawyer or firm has previously represented the party or entity which is seeking to disqualify that attorney and/or if the attorney has obtained in the course of that representation confidential information which would be disclosed or could be used against the former client in the current litigation. See Wissler v. Ashkinazy, 299 A.D. 2d 352 (2nd Dept. 2002); and Ogilvie v. McDonald's Corp., 294 A.D. 2d 550 (2nd Dept. 2002); and Sirianni v. Tomlinson, 133 A.D. 2d 391 (2nd Dept. 1987). See gen'lly, Tekni-Plex, Inc, v. Meyner and Landis, 89 N.Y.2d 123 (1996).
Abrams Fensterman has never represented Bleier individually. Furthermore, no evidence has been presented to the Court which would demonstrate that Abrams,
Fensterman obtained any information in connection with its representation of Wedgewood or New Surfside which is germane to this litigation or prejudicial to Bleier; to wit: Bleier fails to demonstrate that Abrams, Fensterman obtained any confidential
information regarding him in connection with its representation of either Wedgewood or New Surfside.
Bleier alleges that Judy's allegation regarding the breach of the Red Mountain Security Agreement creates a conflict. This Court disagrees. The allegations do not create a conflict. If the Red Mountain Security Agreement contains provisions which prohibit the shareholders from transferring their interest and such an assignment would constitute a breach of the agreement, then Bleier's actions and not Judy's allegations constitute the breach.
The argument that Abrams, Fensterman represents other entities in which Benjamin has an interest which are subject of Bleier's counterclaims is also without merit. Although Bleier has been involved in the operation of Wedgewood and New Surfside for many years, he fails to identify in either the pleadings or his affirmation submitted in connection with this motion the specific Landa controlled or related entities with which Wedgewood or New Surfside have been compelled to do business. He further fails to set forth any factual allegations showing how those transactions have been detrimental to either New Surfside or Wedgewood.
There is no dispute with the proposition that a client is "entitled to freedom from apprehension and uncertainty as to whether his interest will be prejudiced in consequence of representation of opposing litigant by client's former attorney." Cardinale v. Golinello, 43 N.Y. 2d 288, 296 (1977). The moving former client still
bears the burden of demonstrating that there was confidential information imparted to
reasonably trigger such apprehension. Cardinale v. Golinello, supra. Conclusory allegations and claims are wholly insufficient to enable Bleier to meet his burden to demonstrate a basis to disqualify Abrams, Fensterman. Here, Abrams, Fensterman's representation involving collections and regulatory matters appear to be wholly unrelated to the corporate issues presented here. Such appearance is not dispelled by any proof offered by Bleier. See, Solow v. W. R. Grace & Co., 83 N.Y. 2d 303, 309 (1994), where the Court of Appeals held that the movant must establish "(1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and substantially related." See also, Kassis [*8]v. Teacher's Ins. & Annuity Assn., 93 N.Y. 2d 611, 615-6 (1999); and Cardinale v. Golinello, supra at 295-6.
With regard to the Jackson Heights property, there is no explanation as to which of the terms of the lease are objectionable or whether more favorable terms could have been obtained from another entity that was unrelated to Benjamin. It also appears that
Abrams, Fensterman did not represent Benjamin, Bleier, the owner of the property or New Surfside in the connection with this transaction.
The cases relied upon by Bleier in support of his motion are not dispositive of this disqualification motion. In some of those cases, counsel was disqualified because they were now representing a client whose interest were adverse to those of a former client.
In the case primarily relied upon by Bleier, Morris v. Morris, 306 A.D.
2d 449 (2nd Dept. 2003), the attorney being disqualified was not only the attorney for a
party but had also been general counsel to the corporation as well as the attorney for the corporation in connection with the transactions which were in issue in the action. Plaintiff in Morris was not only asserting a claim on behalf of the corporation but was in essence alleging that the legal advise provided to the corporation by the attorneys being disqualified was not in the best interest of the corporation. These factors are not present in this case.
Abrams, Fensterman is not general counsel to either Wedgewood or New Surfside. Abrams, Fensterman's representation of these entities is limited to certain discrete, limited and unrelated areas. Furthermore, there is no evidence before the Court which would establish that Abrams, Fensterman represented either New Surfside or Wedgewood in connection with any of the transactions which give rise to the allegations in Landa's complaint or Bleier's counterclaims. As such, a conflict does not
exist. Since a conflict does not exist, an appearance of improperiety is not present and disqualification is not warranted.
Accordingly, it is,
ORDERED, that Bleier's motion to disqualify Abrams, Fensterman from representing Plaintiff's in this action is denied.
This constitutes the decision and Order of the Court.
Dated: Mineola, NY _____________________________
 November 19, 2003 Hon. LEONARD B. AUSTIN, J.S.C.

Decision Date: November 19, 2003