Feinstein v Carl (2004 NY Slip Op 50770(U))

[*1]

Feinstein v Carl

2004 NY Slip Op 50770(U)

Decided on July 14, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2004

Supreme Court, Nassau County
ALAN H. FEINSTEIN, Plaintiff,
against
STEVEN CARL, BETHPAGE ASSOCIATES, LLC, d/b/a CARLYLE ON THE GREEN and CARLYLE CATERERS MANAGEMENT CORPORATION a/k/a CCMC INC., Defendants.
18984-03

COUNSEL FOR PLAINTIFF
Law Offices of Anthony A. Capetola
2C Hillside Avenue
Williston Park, New York 11596
COUNSEL FOR DEFENDANTS
Richard S. Naidich, Esq.
2631 Merrick Road
Bellmore, New York 11710

Leonard B. Austin, J.
In April 2001, Plaintiff Alan Feinstein ("Feinstein") was hired as the general manager of Defendant Bethpage Associates LLC. ("Bethpage"). Feinstein was paid a salary and benefits for his services as general manager of Bethpage. Feinstein also performed services for Defendant Carlyle Caterers Management Corp. ("Carlyle") as part of the services he rendered to Bethpage.
Carlyle and Bethpage are in the restaurant and catering business. Defendant Steven Carl ("Carl") is the principal of both Carlyle and Bethpage.
On June 7, 2003, Carlyle entered into a contract with Suffolk County Community College to provide food service and catering for twenty years with an option to renew for an additional five years.
Feinstein alleges that he was instrumental in negotiating and procuring this contract for Carlyle. Feinstein further alleges that, in May, 2003, Carl promised to pay him two percent (2%) of the gross revenues to be received by Carlyle in connection with the Suffolk County Community College catering and food service contract.
The agreement to pay Feinstein two percent (2%) of the gross revenues received by Carlyle in connection with the Suffolk County Community College contract was to be memorialized in a written agreement. The agreement was to be prepared for Carlyle by Naidich.
Before the written agreement between Feinstein and Carlyle was finalized, Feinstein was terminated from his employment with Bethpage. Feinstein claims that he was wrongfully terminated.
Feinstein brings this action seeking to recover the two (2%) percent of the gross revenues Carlyle has received and will be receiving from Suffolk Country Community College and for punitive damages.
Feinstein seeks to disqualify Naidich from representing the Defendants in this action on the grounds that Feinstein intends to call Naidich as a witness in this action.
DISCUSSION
The Code of Professional Responsibility ("Code") provides a guide for attorney's regarding their professional conduct. When the Code is raised in litigation as a basis for disqualifying an adversary's attorney, it is not considered statutory or decisional law.
The Code only provides guidance to the Court . S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., 69 N.Y.2d 437 (1987).
A party to an action's right to select its attorney is a valuable right. See, Cardinale v. Golinello, 43 N.Y.2d 288 (1977). An attorney should not be disqualified unless there is a clear showing that disqualification is required. S & S Hotel Ventures Ltd. v. 777 S.H. Corp., supra; and Eisenstadt v. Eisenstadt, 282 A.D.2d 570 (2nd Dept., 2001).
An attorney should not accept employment in a matter if the attorney knows or it is obvious that the attorney will be called to testify on a significant issue on behalf of a client and it is obvious that the testimony would or might be prejudicial to the client. 22 NYCRR §1200.21(a)(b)[DR5-102(a)(b)]. The attorney may represent the client and testify if the testimony relates to uncontested matters, matters of formality that are not in dispute, issues relating to the nature and value of legal services rendered on behalf of a client or the disqualification would work a substantial hardship to the client due to the distinctive value of the attorney's services in the case. 22 NYCRR §1200.21(a)(1)-(4)[DR5-102(a)(1)-(4)].
The "advocate-witness" rule avoids the circumstances in which an attorney is called upon to argue the credibility of the attorney's client's own testimony. See, Ellis v. County of Broome, 103 A.D.2d 861 (3rd Dept., 1984).
[*2]
The party seeking to disqualify an attorney bears the burden of establishing that the attorney will be called as a witness at trial and that the attorney's testimony is necessary. Eisenstadt v. Eisenstadt, supra; and Morgasen v. Federated Consultant Services, Inc., 174 A.D.2d 656 (2nd Dept., 1991). See also, Luk Lamellen u. Kupplungsbau GmbH v. Lerner, 167 A.D.2d 451 (2nd Dept., 1990). When determining if the attorney's testimony is necessary, the Court must take into account such factors as "...the significance of the matters, weight of the testimony, and the availability of other evidence." S & S Hotel Ventures, Ltd. Partnership v. 777 S.H.Corp., supra. See also, Eisenstadt v. Eisenstadt, supra.
Any question relating to whether an attorney should be disqualified should be resolved in favor of disqualification. Stober v. Gaba & Stober, P.C., 259 A.D.2d 554 (2nd Dept., 1999).
In this case, Feinstein claims that Naidich was directly and personally involved with Feinstein in procuring the contract between Carlyle and Suffolk County Community College. Feinstein further claims that he was in contact with and was assured by Naidich that Naidich was preparing the contract indicating that Feinstein was going to receive 2% of the gross revenues Carlyle derived from the Suffolk County Community College agreement.
Feinstein represents that he will call Naidich as a witness at trial because of Naidich' personal knowledge relating to these transactions.
Naidich does not deny or dispute Feinstein's assertions or oppose his disqualification.
In view of the fact that Naidich has personal knowledge of facts relating to many of the relevant issues in this case and will almost certainly be called as a witness at trial and that his testimony may be detrimental to the interest of his client, it is appropriate that he be disqualified from representing the Defendants in this action. See, Stober v. Gaba & Stober, P.C., supra.
Accordingly, it is
ORDERED, that Richard S. Naidich, Esq., is disqualified from acting as attorney for the Defendants in the within action; and it is further
ORDERED, that the Defendants are directed to retain new counsel within 30 days of service of a copy of this order with Notice of Entry. Defendants Bethpage and Carlyle are reminded that CPLR 321(a) requires limited liability companies and a corporations to appear by attorney; and it is further
ORDERED, that counsel for the Plaintiff and incoming counsel for the Defendant are directed to appear for a Preliminary Conference on September 29,2004 at 9:30 a.m.
This constitutes the decision and order of this Court.
Dated: Mineola, NY
 July 14, 2004

______________________________
Hon. LEONARD B. AUSTIN, J.S.C.