■ FAIRVIEW AT OLD WESTFIELD, L.P., et al., Appellants-Respondents, v EUROPEAN AMERICAN BANK, Respondent-Appellant.—In an action, *inter alia,* to recover damages due to breach of a building loan agreement, (1) the plaintiff Fairview at Old Westfield, L.P. appeals from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated September 7, 1990, as granted the defendant's motion to disqualify the plaintiffs' law firm on the basis that an attorney from that law firm will likely be called as a witness to give necessary testimony in this action, and (2) the defendant cross-appeals from so much of the same order as denied that branch of its separate motion which was to strike the plaintiffs' interrogatories and notice to produce.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and the branch of the defendant's motion which was to strike the plaintiffs' interrogatories and notice to produce is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

A partner in the law firm representing the plaintiffs in this action played a central role in the negotiations which resulted in the loan agreement that is at the center of this dispute. This attorney made certain averments in various documents which, in combination with the express terms of the loan agreement, clearly demonstrates that his testimony "may be prejudicial" to the plaintiffs when he is called to testify by the defendant *(see,* Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]). We therefore conclude that the Supreme Court did not improvidently exercise its discretion in disqualifying the plaintiff's law firm *(see, People v Amato,* 173 AD2d 714, 716, *cert denied* — US —, 112 S Ct 935).

We find that the Supreme Court improperly denied the branch of the defendant's motion which was to strike the plaintiffs' interrogatories and notice to produce, since the plaintiffs failed to demonstrate that any of the material in question is relevant to their case *(see,* CPLR 3101 [a]; *Ritchie v Carvel Corp.,* 180 AD2d 788; *Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420; *Lopez v Huntington Autohaus,* 150 AD2d 351). Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.