■ BOARD OF MANAGERS OF THE 235 EAST 22ND STREET CONDOMINIUM, Appellant, v LAVY CORP. et al., Respondents et al., Defendants. [649 NYS2d 668] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about June 7, 1996, which denied plaintiff's motion for a preliminary injunction, unanimously reversed, to the extent appealed from and as limited by plaintiff-appellant's brief, on the law, with costs, and plaintiff's motion for a preliminary injunction restraining defendants Lavy Corp., David Israeli, 5th Avenue Park View Ltd., and any persons acting as their agents or in their stead, from selling or

otherwise transferring the subject 13 condominium units, is granted.

Defendant Lavy Corp., by a deed executed in July 1995, became title owner of the 13 condominium units in question as assignee of the highest bidder at a sale of the units, held in May 1995, pursuant to an order and judgment of foreclosure and sale entered on July 5, 1994 in the action entitled *Golden City Commercial Bank v Hawk Props. Corp.* (Sup Ct, NY County, Huff, J., index No. 05277/92).

It is not disputed that there were unpaid real estate taxes and resulting tax liens on the units in question dating back to 1991, which were not satisfied out of the proceeds of the foreclosure sale, despite the direction in the order and judgment of foreclosure entered July 5, 1994 that the Referee "on receiving the proceeds of sale forthwith pay therefrom in accordance with their priority according to the law the taxes, assessments and water and sewer rents which are or may become liens on the premises at the time of sale". As stated in the Amended Referee's Report of Sale, the Referee, instead of paying the real estate taxes, distributed the entire purchase price of $435,000 to 5th Avenue Park View Ltd., the assignee of the mortgage. The record also shows that, at the time Lavy Corp. took title, the plaintiff condominium was owed over $570,000 in common charges by the defaulting owner, Hawk Properties Corp., and that the condominium's lien therefore had been extinguished by the foreclosure sale. Plaintiff apparently had no recourse against Hawk Properties Corp., since that company had no assets. Lavy Corp. also failed to pay common charges from the time it took title to the premises; consequently, plaintiff filed liens covering these unpaid amounts.

In October 1995, the plaintiff moved in the mortgage foreclosure action to compel Lavy Corp. to pay the outstanding real estate taxes. Plaintiff argued therein that, *inter alia,* upon any attempt by the condominium to foreclose its lien for unpaid common charges, the lien for unpaid real estate taxes, which then amounted to $236,917.31, would take priority and its lien for common charges would be extinguished a second time. In February 1996, plaintiff commenced the instant action to foreclose upon its lien for unpaid common charges. Defendants herein, David Israeli and 5th Avenue Park View Ltd. (a plaintiff in the mortgage foreclosure action to which the entire interest in the mortgage was assigned) were alleged by plaintiff to be alter egos of Lavy Corp. Upon learning of defendant Lavy Corp.'s impending sale of the 13 units, plaintiff moved by order to show cause, in both this action and in the mortgage foreclo-

sure action (*Golden City Commercial Bank v Hawk Props. Corp., supra*) to enjoin the prospective sale until the real estate taxes are paid. Plaintiff maintained in both motions that a sale of the units would allow defendants Lavy Corp. and 5th Avenue Park View Ltd. to avoid payment of the real estate taxes, which would, in turn, relegate the condominium's liens to a junior position and likely result in the liens being extinguished again. While only the order appealed, which denied plaintiff's motion in the instant action, is contained in the record, plaintiff represents that the motions made in the foreclosure action were denied as well.

RPAPL 1354 (1) and (2), which govern the distribution of the proceeds of a foreclosure sale, direct the officer conducting the sale, in this case the Referee, to make certain payments out of the proceeds. RPAPL 1354 (2) directs said officer to pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments and water rates which are liens on the property sold and, specifically directs that in any city having a population of one million or more, such officer shall pay out of the proceeds "any liens or incumbrances placed by a city agency upon the real property which have priority over the foreclosed mortgage". Such payments are deemed expenses of the sale and have priority over the payment of the mortgage (RPAPL 1354 [1], [2]). Therefore, the direction in the July 5, 1994 order and judgment of foreclosure, which directed the Referee to pay taxes, etc. "in accordance with their priority according to law", required the Referee to pay the back real estate taxes prior to distributing any funds to the mortgagee or in this case to its assignee.

*Trefoil Capital Corp. v Creed Taylor, Inc.* (121 AD2d 874, 877) is inapplicable to the case at bar and was incorrectly relied upon by the court in its determination denying plaintiff's motion for a preliminary injunction. This case involves a first mortgage and property taxes, which pursuant to RPAPL 1354 (1) and (2), are deemed expenses of the sale and take priority over payment of the foreclosed debt. *Trefoil (supra)* involved a transfer gains tax and a subordinate mortgage, which are specifically dealt with in subdivisions (3) and (4) of RPAPL 1354. There, it was held that the Referee improperly paid a transfer gains tax prior to paying a subordinate mortgage in violation of the priority of payments set forth in RPAPL 1354 (3) and (4). Here, the Referee improperly paid the mortgage debt before paying the property taxes in violation of RPAPL 1354 (1) and (2). Contrary to the finding of the hearing court, *Trefoil (supra)* did not bar the relief requested and therefore, plaintiff demonstrated a likelihood of success on the merits.

Plaintiff has also demonstrated irreparable injury in the event the relief is not granted. Plaintiff's complaint alleges that defendants David Israeli and 5th Avenue Park View Ltd. are alter egos of Lavy Corp., the owner of record. In addition, the record contains averments by the plaintiff's counsel, based upon personal knowledge, supporting the plaintiff's contention that all of the non-municipal defendants are alter egos of Lavy Corp., controlled by Mr. Israeli, who may simultaneously "disappear" in the event the property is transferred, thus frustrating the plaintiff's ability to force payment of the property tax by defendants to prevent its lien for common charges from being extinguished upon transfer. For example, counsel stated ·that after Lavy Corp. took title, Mr. Israeli, who was then known to her as a principal of 5th Avenue Park View Ltd., repeatedly called to arrange a meeting with the Board of Managers to discuss development of the units. In addition, counsel averred that since the transfer to Lavy Corp. the only common charges paid to the plaintiff were paid by Mr. Israeli, who personally told her that he controls Lavy Corp. and requested that the managing agent send bills for common charges to him.

Finally, we note that plaintiff herein merely seeks to maintain the status quo with the injunctive relief, since denial thereof would render any final judgment ineffectual. Under such circumstances, a likelihood of success can be found even where certain facts are in dispute (*see, Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186, 186-187, *lv dismissed* 83 NY2d 847). Furthermore, even though a plenary action seeking monetary damages against both defendants herein and the ultimate purchaser may be available to plaintiff in the event the property is transferred, the extinguishing of plaintiff's lien, which is plaintiff's only security for the past due common charges, clearly constitutes harm warranting injunctive relief and tips the balance of the equities in plaintiff's favor (*see, Pando v Fernandez*, 124 AD2d 495). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.