■ J. Louis Turpin et al., Respondents, v James E. Frankel et al., Appellants. [650 NYS2d 864] —Peters, J. Appeal (trans-

ferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Bernhard, J.), entered May 17, 1995 in Dutchess County, which granted plaintiffs' motion to disqualify defendant Baer, Marks & Upham from representing various defendants in this action.

This action is one in a series of actions between these parties. Defendant Einhorn, Yaffee, Prescott Architecture & Engineering, P. C. (hereinafter Einhorn) commenced an action in July 1994 in the United States District Court for the Northern District of New York against plaintiffs J. Louis Turpin, John A. Missell and their newly formed architectural firm, Rhinebeck Architecture & Planning, P. C. (hereinafter Rhinebeck). As a result of activities engaged in by Turpin and Missell, former principals in Einhorn's architectural firm, the claims alleged, *inter alia,* a violation of the Lanham Act, breach of loyalty, breach of restrictive covenant, unfair competition and other business torts. Einhorn therein then commenced an action in Supreme Court, Albany County (hereinafter the Albany action) in replevin. When the Federal action was dismissed, the State claims were joined with the Albany action.

During discovery in both the Federal and Albany actions, an investigation was undertaken by defendant James E. Frankel, a partner in the law firm of defendant Baer, Marks & Upham, L. L. P. (hereinafter Baer) on Einhorn's behalf which included contacting potential nonparty witnesses, some of whom were both clients or potential clients of Einhorn and/or Rhinebeck. It is alleged that the basis of such investigation was Einhorn's belief that Missell was soliciting work in violation of the restrictive covenant contained in the Einhorn agreement and that its purpose was to determine whether Missell and Turpin were soliciting business for Rhinebeck while still employed with Einhorn. Based upon Frankel's mode and means of investigation, Turpin, Missell and Rhinebeck (hereinafter collectively referred to as plaintiffs) commenced this action not only against Einhorn and each of its principals (hereinafter collectively referred to as the Einhorn defendants), but also against Frankel and Baer. The complaint alleged that due to the role played by Frankel and Baer, their actions constituted, *inter alia,* tortious interference with Rhinebeck's contractual relations and prospective economic advantage.

After the completion of preliminary discovery, plaintiffs made a motion to disqualify Baer from representing all defendants in that action. Supreme Court partially granted plaintiffs' motion by disqualifying Baer from representing the

Einhorn defendants, yet denied that part of the motion which sought its disqualification from acting as its own counsel and counsel for Frankel. With reargument granted and the court adhering to its original determination, defendants appeal from that part of the original order which disqualified Baer from representing the Einhorn defendants.

Considering both the gravamen of the complaint and the testimony elicited pertaining to Frankel's interactions with various nonparty witnesses, supporting both the business tort and abuse of process allegations, we find that a sufficient showing has been made that Frankel's testimony may be prejudicial to the Einhorn defendants (*cf., Ocean-Clear v Continental Cas. Co.*, 94 AD2d 717). Supreme Court's disqualification of Baer as counsel for the Einhorn defendants became necessary since the propriety of Baer's actions and that of its partner (Frankel) is the only issue presented. Frankel's defense is potentially inimical to that maintained by the Einhorn defendants, at least as it pertains to the role relegated to Frankel and Einhorn's ability to exercise direction and control over his actions. Under these circumstances, disqualification is warranted (*see*, Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]; *Guiliano v Carlisle*, 211 AD2d 757; *Fairview at Old Westfield v European Am. Bank*, 186 AD2d 238).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.