■ GOLDEN CITY COMMERCIAL BANK, Plaintiff, and 5TH AVENUE PARK VIEW, LTD., Respondent, v HAWK PROPERTIES CORP. et al., Defendants, and 235 EAST 22ND STREET CONDOMINIUM, Appellant. [658 NYS2d 257] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about June 7, 1996, which denied defendant-appellant condominium's motion for a pre-

liminary injunction restraining plaintiff-respondent 5th Avenue Park View, Ltd., from transferring 13 commercial condominium units until such time as the outstanding real estate taxes on the property are paid, with proof of payment provided, unanimously reversed, on the law and the facts, without costs, and the motion for a preliminary injunction is granted.

As we previously determined in a related appeal between these parties (*see*, *Board of Mgrs. of 235 E. 22nd St. Condominium v Lavy Corp.*, 233 AD2d 158), defendant condominium is entitled to a preliminary injunction restraining 5th Avenue Park View, Ltd., to whom the subject mortgage was assigned upon foreclosure, from transferring 13 of the commercial units until such time as the outstanding real estate taxes on the property are paid. The Referee at foreclosure erroneously paid the full proceeds of the sale to the assignee, rather than paying the taxes and other expenses of the sale pursuant to RPAPL 1354 (1)-(3). Defendant's lien for over $570,000 of unpaid common charges was extinguished at the initial foreclosure, and the assignee's continued failure to pay the back taxes on the property would likely relegate defendant's new lien for accrued common charges to junior status, or would extinguish it completely. Thus, defendant has made the requisite showing that it will suffer irreparable harm in the absence of the relief requested, and that the equities lie in its favor. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.