■ BROADWHITE ASSOCIATES, Appellant, v MAC TRUONG et al., Respondents. ROBERT D. GOLDSTEIN et al., Nonparty Appellants. [654 NYS2d 144] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 24, 1996, to the extent that it granted defendants' motion to disqualify attorney Robert D. Goldstein and his law firm* as counsel for plaintiff, unanimously reversed, on the law, and the motion is denied, with costs.

Plaintiff landlord entered into a 5-year commercial lease with defendants in 1993, although the latter now claim that the term was subsequently reduced to one year. When a dispute arose over defendants' default in payment of rent and a counter-charge of plaintiff's alleged breach, attorney Goldstein met with defendant Dr. Truong in September 1994. According to Goldstein, he told Dr. Truong at this meeting that the latter could mitigate his damages by surrendering the keys to the premises, but that Goldstein was not authorized to release the tenant from his continuing obligations under the lease. Dr. Truong memorialized that meeting, two days later, with a letter to Goldstein, offering the keys on the understanding that plaintiff had agreed to allow the tenant "to deduct my September 1994 rent from my security deposit." Goldstein fired back a letter to correct Dr. Truong's "self-serving misstatement of the facts": "At no time did I ever state that I was authorized to settle this matter. To the contrary, I told you to pay the rent and further informed you that my authority extended to the acceptance of the keys to the premises if you chose to surrender them."

With the dispute now having blossomed into litigation, defendants want plaintiff's attorney disqualified because of the possibility that Goldstein may have to testify as a witness to the crucial exchange with Dr. Truong.

The "advocate-witness" rule requires an attorney to withdraw from a case where it is likely that he will be called as a witness (Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). But such disqualification is required only

---

* Goldstein & Altschuler, formerly known as Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C., and more recently known as Borah, Goldstein, Altschuler & Schwartz, P. C.

where the testimony by the attorney is considered *necessary.* "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446). Plaintiff has made it clear that Goldstein would not be called as *its* witness because such testimony would be merely redundant to the testimony of plaintiff's principal. Even were Goldstein to be called as a defense witness, disqualification would be required only where continued representation would be prejudicial to plaintiff's interests (DR 5-102 [B] [22 NYCRR 1200.21 (b)]).

The challenging party carries a heavy burden of identifying the projected testimony of the advocate-witness and demonstrating how it would be "so adverse to the factual assertions or account of events offered on behalf of the client as to warrant his disqualification" (*Martinez v Suozzi*, 186 AD2d 378, 379). Absent such a showing, it would appear that defendants are simply seeking a strategic advantage by the disqualification of plaintiff's attorney of longstanding, a result which would deny their adversary the valued right to representation by counsel of its choice (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* 69 NY2d, at 443). Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.