■ FEDERAL INSURANCE COMPANY, as Subrogee of JACKSON VOICE DATA, INC., et al., Appellants, v EVANS CONSTRUCTION OF NEW YORK CORP., Doing Business as EVANS CONSTRUCTION, et al:., Defendants, and MASPETH 56-25 58 STREET CORP., c/o EUROPEAN AMERICAN BANK, Respondent. [684 NYS2d 223] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 23, 1998, which granted the motion of defendant-respondent Maspeth 56-25 58 Street Corp. c/o European American Bank (EAB) for summary judgment dismissing the complaint and cross-claims against it, unanimously reversed, on the law, without costs, and the motion denied.

This negligence action arises out of property damage that allegedly occurred when defendant Evans Construction Company of New York d/b/a Evans Construction (Evans), which was the occupant of a vacant lot adjoining property leased by plaintiff's

subrogee, allegedly piled earth and construction debris next to the subrogee's wall, causing mud and water to spill onto and damage the subrogee's property. At the time the damage was incurred, EAB held the title to the vacant lot occupied by Evans, having taken such title approximately two months earlier by virtue of a foreclosure proceeding against a mortgage held by Evans. At issue on this appeal is the liability of EAB for a dangerous condition created on its property.

While it is well settled that an out-of-possession owner is not liable for dangerous conditions on real property, it is equally clear that an owner escapes liability only if it has completely alienated the property (*see, Appel v Muller*, 262 NY 278, 280-281). Thus, where a lease reserves the right to enter and make repairs, the owner does not, by way of that lease, escape liability for dangerous conditions (*Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559).

Here, we find that the motion court erred in determining that EAB had made an adequate showing that it was out of possession so as to warrant summary judgment absolving it of liability. Indeed, it appears from the record before us that EAB, which received a deed to the property upon foreclosure, had only an informal relationship with Evans whereby EAB permitted Evans to remain on the premises for a few months after the foreclosure sale. There is certainly no evidence on this record that EAB was forestalled by that relationship from entering onto the property to make repairs. In fact, there is evidence in the record that EAB had itself taken the position that it was entitled to enter onto the property, as well as evidence suggesting that EAB had inspected the property subsequent to the foreclosure and had keys to the gate.

Where an owner is not completely out of possession, it may be held liable as long as it had adequate notice of and a reasonable opportunity to repair the dangerous condition. Here, a review of the record makes clear that questions of fact remain as to this issue as well, where there is evidence in the record demonstrating that EAB inspected the property after the debris had allegedly been piled against the wall. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.