(January 16, 2001)

■ METROPOLITAN TRANSPORTATION AUTHORITY, Respondent, v 2 BROADWAY L. L. C. et al., Appellants. [720 NYS2d 12] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 26, 2000, which, in a commercial landlord-tenant dispute, granted plaintiff's motion for a *Yellowstone* injunction, and denied defendants' motion to disqualify plaintiff's counsel without prejudice to renewal after discovery, unanimously modified, on the law, the facts, and in the exercise of discretion, to condition the *Yellowstone* injunction on plaintiff's payment, during the pendency of such injunction, of use and occupancy of the leased premises, from the date of this order forward, in the amount of $1,737,069 per month, and otherwise affirmed, without costs.

In this dispute concerning whether plaintiff tenant was entitled to take certain offsets against its current rent, plaintiff was properly granted a *Yellowstone* injunction (*see, Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 93 NY2d 508, 514), but should have been required to pay for use and occupancy. (*See, e.g., 401 Hotel v MTI/The Image Group*, 271 AD2d 228, 230; *Phillips & Huyler Assocs. v Flynn*, 225 AD2d 475; *MMB Assocs. v Dayan*, 169 AD2d 422.) In fixing the amount, we have taken into consideration that that is the amount the Metropolitan Transportation Authority is required to pay pursuant to a Civil Court order staying the parallel summary nonpayment proceeding pending the adjudication of this action. The motion court erroneously considered and accepted the argument against requiring such payments, which plaintiff improperly raised for the first time in a letter of counsel presented after the motion had been orally argued and submitted (*see, Scherrer v Time Equities*, 218 AD2d 116, 120), without giving defendants notice, prior to deciding the motion, that it intended to consider such argument. In any event, we find that argument unpersuasive. The motion court did not err, however, in not requiring plaintiff to file an undertaking. (*See*, Public Authorities Law § 1212-a; *Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.*, 79 AD2d 516.)

The motion court properly denied without prejudice defen-

dants' motion to disqualify the law firm representing plaintiff pursuant to Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21), since defendants failed to establish that the testimony of the attorney who purportedly ought to be called as a witness would be noncumulative of other witnesses' testimony, and thus necessary, or that such testimony, if the attorney were called to testify by defendants, would be prejudicial to plaintiff. (*See, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446; *Broadwhite Assocs. v Truong*, 237 AD2d 162, 162-163; *Matter of Cowen & Co. v Tecnoconsult Holdings*, 234 AD2d 86.) Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.