■ SINCLAIR HABERMAN, Respondent-Appellant, v CITY OF LONG BEACH et al., Appellants-Respondents. [748 NYS2d 397] —In an action, inter alia, for a judgment declaring that the defendants effected an unconstitutional taking of the plaintiff's property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated June 29, 2001, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211, or, in the alternative, for summary judgment dismissing the complaint and to disqualify the plaintiff's counsel, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for partial summary judgment.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the fifth cause of action pursuant to CPLR 3211,

and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 1993 the plaintiff, Sinclair Haberman, purchased a 2.52-acre parcel of vacant oceanfront land in the City of Long Beach. The parcel is part of a more than six-acre area commonly known as "the Superblock." In August 1995 the City enacted its first moratorium on development, which included the Superblock. The moratorium was extended a number of times until it finally expired in December 1998. During this time, the City requested proposals for development of the Superblock. The plaintiff submitted two different proposals but both were rejected. In addition, the City has yet to rule on the plaintiff's application for a building permit, which was submitted in 1998.

In February 2000 the plaintiff commenced this action alleging, inter alia, that the defendants, the City of Long Beach and the City Council of the City of Long Beach, had effected a de facto, unconstitutional taking of his property by virtue of the extended moratorium and the inaction on his building permit application. Thereafter, both sides sought summary judgment.

The Supreme Court properly denied the plaintiff's cross motion for partial summary judgment. Issues of fact, such as the defendants' good faith, the reasonableness of the delay, the reasonableness of the plaintiff's development expectations, and whether there had been a taking, remain to be resolved at trial (see *Tahoe-Sierra Preserv. Council v Tahoe Regional Planning Agency*, 535 US 302; *Penn Cent. Transp. Co. v City of New York,* 438 US 104).

With regard to the defendant's motion, the fifth cause of action, an equal protection claim, should have been dismissed. The plaintiffs claim that when the defendants last extended the moratorium on development in the Superblock, they lifted it with respect to other properties in the surrounding area. Since the differing treatment for the properties located in the Superblock rationally furthered a "legitimate, articulated state purpose," i.e., the development of the Superblock properties as a single site, there is no merit to this cause of action (see *Matter of Doe v Coughlin,* 71 NY2d 48, 56).

The denial of that branch of the defendants' motion which was to disqualify the plaintiff's counsel was proper (see *S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437; *Eisenstadt v Eisenstadt,* 282 AD2d 570). "A party's entitlement to be represented in ongoing litigation by counsel of his own choosing is a valued right which should not be abridged

absent a clear showing that disqualification is warranted" (*Ol-moz v Town of Fishkill*, 258 AD2d 447). Here the mere conclusory assertions by the City defendants that testimony by the plaintiff's counsel may be prejudicial to his client are insufficient to merit counsel's removal (*S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., supra; Metropolitan Transp. Auth. v 2 Broadway*, 279 AD2d 315, 316; *Broadwhite Assoc. v Truong*, 237 AD2d 162).

The parties' remaining contentions are either improperly raised for the first time on appeal or are without merit. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.