■ ELIZABETH STREET INC., Appellant-Respondent, v 217 ELIZABETH STREET CORP. et al., Respondents-Appellants, et al., Defendant. [755 NYS2d 33] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 1, 2002, which, to the extent appealed and cross-appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction barring defendants from transferring or encumbering the

subject property, granted defendants' cross motion to disqualify plaintiff's counsel, and denied defendants' cross motion for summary judgment, unanimously affirmed, without costs.

The motion court properly determined, based on plaintiff's counsel's deposition testimony, that counsel would likely be called by defendants and that his testimony would likely be prejudicial. Indeed, it appears that counsel's testimony will be necessary, given its significance, weight and the lack of any other witness with counsel's knowledge of the essential facts (*see Broadwhite Assoc. v Truong*, 237 AD2d 162, 162-163). Accordingly, defendants' cross motion for disqualification of plaintiff's counsel pursuant to Code of Professional Responsibility DR 5-102 (d) (22 NYCRR 1200.21 [d]) was properly granted (*see generally Luk Lamellen u. Kupplungsbau v Lerner*, 167 AD2d 451, 452).

Defendants' cross motion for summary judgment was properly denied. The motion court has already held that issues of fact exist as to whether the parties intended to be bound by an alleged oral agreement for the sale of the subject property, and this Court has affirmed that decision (276 AD2d 295). In any event, the deposition testimony and documents to which defendants now point in their new motion for summary judgment establish no more than that the parties anticipated that a written contract would be executed. This evidence does not establish, as a matter of law, that the parties did not intend to be bound absent such a writing. " '[T]he mere intention to commit the agreement to writing will not prevent contract formation prior to execution' " (*id.*, quoting *Winston v Mediafare Entertainment Corp.*, 777 F2d 78, 80; *see also Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148-149).

Finally, the court properly granted plaintiff's motion for preliminary injunction to maintain the status quo (*see Taft Partners Dev. Group v Drizin*, 268 AD2d 347; *Board of Mgrs. of 235 E. 22nd St. Condominium v Lavy Corp.*, 233 AD2d 158). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.