■ MARILYN ARONS, Appellant, v ROSALEE CHARPENTIER et al., Respondents. [779 NYS2d 242]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so

much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 24, 2003, as denied that branch of her motion which was to disqualify the defendant RosaLee Charpentier as counsel for the defendants Barbara Mackey and Thomas Mackey.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff claims that disqualification of the defendant RosaLee Charpentier, as counsel for the defendants Barbara Mackey and Thomas Mackey, was warranted, pursuant to the Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21) based on the plaintiff's intention of calling counsel as a witness on a significant issue both at deposition and trial. "Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary" (*S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437, 445-446 [1987]).

In this case, the plaintiff failed to satisfy her burden of demonstrating that Charpentier's testimony was necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra* at 445-446). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to disqualify (*see Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.