■ ARLENE FERNANDES, Appellant, v RONALD JAMRON et al., Respondents. [780 NYS2d 164]—

In an action, inter alia, to recover damages for conspiracy to defraud and conversion, to set aside certain deeds conveying title to two adjoining one-half acre parcels of real property, and, in effect, for a judgment declaring that the plaintiff is the owner of both parcels, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated February 24, 2003, as, upon granting that branch of her cross motion which was for a judgment declaring the parties' rights and interests with respect to the two adjoining one-half acre parcels, in effect, determined that she was entitled to a declaration that she holds good and marketable title in fee simple only to the one-half acre parcel of real property known as 20 South Montgomery Avenue, Bay Shore, New York, Suffolk County Tax Map No. 0500-394.00-01.00-080.001, and as granted that branch of the motion of the defendants Leonard Masone and Maspeth Federal Savings & Loan Association which was to disqualify her attorney.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1978, and again in 1979, the owner of a one-acre lot in the Town of Islip obtained conditional approval from the local zon-

ing board of appeals to subdivide the property into two half-acre parcels and to construct a dwelling on the unimproved parcel. The approval lapsed, however, when the owner failed to obtain a building permit. A subsequent owner separately conveyed the improved half-acre and the unimproved half-acre, and the plaintiff ultimately acquired title to the improved half-acre in 1996. The plaintiff seeks, inter alia, to recover damages for conspiracy to defraud and conversion, to set aside certain deeds conveying title to the two adjoining one-half acre parcels, and, in effect, a judgment declaring that she is the owner of the two parcels.

Contrary to the plaintiff's contention, the lapse of the 1979 conditional subdivision approval did not render her title to the half-acre lot she purchased in 1996 invalid or unmarketable (*see Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564 [1993]; *Lincoln Trust Co. v Williams Bldg. Corp.*, 229 NY 313 [1920]). Moreover, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Leonard Masone and Maspeth Federal Savings & Loan Association (hereinafter Maspeth) which was to disqualify the plaintiff's attorney.

The complaint is replete with allegations of conspiracy, fraud, and legal malpractice, all centering around information allegedly withheld from the plaintiff and her agents at the time she purchased the half-acre lot from Maspeth. While Masone, the attorney who represented Maspeth in connection with the 1996 sale, was made a defendant in this action, Rosen, Leff, the law firm that represented the plaintiff in that sale, brought this action on her behalf notwithstanding that Robert Rosen and a paralegal then employed by Rosen, Leff were deposed as fact witnesses in connection with the transaction. Under the circumstances of this case, it is evident that Mr. Rosen and others in his firm are essential witnesses in this action and ought to be called as witnesses at trial. Thus, the disqualification of Rosen, Leff was warranted (*see* Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]; *Elizabeth St. v 217 Elizabeth St. Corp.*, 301 AD2d 481 [2003]; *Wensley & Partners v Polimeni*, 262 AD2d 311 [1999]; *Korfmann v Kemper Natl. Ins. Co.*, 258 AD2d 508 [1999]; *Fairview at Old Westfield v European Am. Bank*, 186 AD2d 238 [1992]; *North Shore Neurosurgical Group, P.C. v Leivy*, 72 AD2d 598 [1979]). Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.