■ HUDSON VALLEY MARINE, INC., Respondent, v TOWN OF CORTLANDT et al., Appellants. [815 NYS2d 741]—

In an action to recover damages for malicious prosecution, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 21, 2004, which granted the plaintiff's motion for a protective order quashing a subpoena duces tecum and denied their cross motion to compel compliance with the subpoena duces tecum, and (2), as limited by their brief, from so much of an order of the same court entered May 11, 2005; as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered December 21, 2004 is dismissed, as that order was superseded by the order entered May 11, 2005 made upon reargument; and it is further,

Ordered that the order entered May 11, 2005 is modified, on the law, by (1) deleting the provision thereof granting the plaintiff's motion and substituting therefor a provision, upon reargument, denying that branch of the plaintiff's motion which was for a protective order quashing that portion of the subpoena duces tecum which sought to depose the plaintiff's attorney concerning communications he had with Herbert Winkelmann and Steven Winkelmann that were disclosed in deposition testimony, and to produce documents relevant thereto, and otherwise granting the plaintiff's motion, and (2) deleting the provision thereof denying the defendants' cross motion and substituting therefor a provision, upon reargument, granting the cross motion to the extent that the plaintiff's attorney may be deposed concerning communications he had with Herbert Winkelmann and Steven Winkelmann that were disclosed in deposition testimony, and the plaintiff must produce documents relevant thereto; as so modified, the order entered May 11, 2005 is affirmed insofar as appealed from, and the order entered December 21, 2004 is modified accordingly; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff is a corporation that owns a parcel of land on the Hudson River on which it operates a marina. The defendant Town of Cortlandt brought charges against the plaintiff for, inter alia, violating the Town Code due to its failure to obtain a special permit when engaging in a nonconforming use of its property. The plaintiff commenced this action, alleging, inter alia, that the Town's issuance of, among other things, a stop-work order, and the Town's prosecution of criminal charges which were ultimately dismissed, caused the plaintiff to lose income. Following depositions of the plaintiff's principals and nonparty Steven Winkelmann, the defendants served the plaintiff's attorney, George Frooks, in court with a subpoena duces tecum for various documents relating to meetings of the principals and a notice of deposition. By order entered December 21, 2004, the Supreme Court granted the plaintiff's motion for a protective order quashing the subpoena duces tecum on the ground of attorney-client privilege, and denied the defendants' cross motion to compel compliance with the subpoena duces tecum. By order entered May 11, 2005, the Supreme Court, upon reargument, adhered to its prior determination. We modify.

The plaintiff waived the attorney-client privilege by voluntarily disclosing communications between its officers and its attorney, and placed the substance of those communications at issue (*see Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834, 835 [1983]; *Matter of Clouse,* 292 AD2d 675, 676 [2002]). The

plaintiff's vice-president, Herbert Winkelmann, stated in his deposition testimony that he was advised by Frooks, in response to the defendants' stop-work order, to cease doing any business and stop renting boat slips to private owners. Nonparty Steven Winkelmann testified at a deposition that Frooks discussed the interpretation of the stop-work order with the plaintiff's principals concerning the leveling of a parking lot on the plaintiff's property. The substance of these communications is material to the issue of whether the loss of income asserted by the plaintiff is reasonably attributable to the stop-work order. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.