■ ODS OPTICAL DISC SERVICE GMBH, Respondent, v TOSHIBA CORPORATION, Appellant. [838 NYS2d 503]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered December 5, 2006, disqualifying respondent Toshiba's law firm, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

The underlying arbitration dispute concerns petitioner's nonpayment of royalties to a DVD patent licensing pool authorized by a Department of Justice preclearance in accordance with a letter request from respondent's attorney. Petitioner's defenses are that its licensing agreement violates the antitrust laws and was breached by respondent's royalty pricing practices. However, in seeking to disqualify respondent's attorney and his firm pursuant to the advocate witness rule (Code of Professional Responsibility DR 5-102 [b] [22 NYCRR 1200.21 (b)]), petitioner failed to refute the attorney's averments that he knew nothing about the details of respondent's actual licensing or royalty pricing practices. Thus, petitioner did not carry its heavy burden of demonstrating that the projected testimony would be adverse to his client's interests (*see Broadwhite Assoc. v Truong*, 237 AD2d 162, 163 [1997]; *see also Grassini v Paravalos*, 270 AD2d 52 [2000]). Even if, arguendo, the application for disqualification were properly based on the assertion that the attorney's testimony was necessary, such proposed testimony would be merely cumulative of that of the other attorneys involved in creating the licensing pool and of respondent's personnel involved in the day-to-day administration of its licensing (*see Matter of Cowen & Co. v Tecnoconsult Holdings*, 234 AD2d 86 [1996]; *O'Donnell, Fox & Gartner v R-2000 Corp.*, 198 AD2d 154, 155 [1993]; *cf. Elizabeth St. v 217 Elizabeth St. Corp.*, 301 AD2d 481 [2003]). Moreover, it was unrefuted that the at-

torney's knowledge of respondent's practices was limited to the facts provided by his client (*see Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 32 AD3d 793, 794 [2006]). In light of the foregoing, it is unnecessary to address whether the vicarious disqualification of respondent's law firm was warranted. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.