■ WILLIAM BENTVENA et al., Respondents, v ETHEL EDELMAN et al., Defendants, and LEE EDELMAN, Defendant and Third-Party Plaintiff-Appellant. RICHARD GUMO, Third-Party Defendant-Respondent. [849 NYS2d 626]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated January 12, 2007, which denied his motion to disqualify the third-party defendant as the plaintiffs' attorney.

Ordered that the order is affirmed, without costs or disbursements.

The determination whether or not disqualification of an attorney is warranted is a matter committed to the sound discretion of the trial court. Disqualification is warranted if the attorney's testimony is necessary. The burden of demonstrating necessity falls upon the challenging party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446 [1987]; Broadwhite Assoc. v Truong, 237 AD2d 162 [1997]; see also Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2007]). The appellant failed to offer any proof as to the content or subject matter of the testimony that might be elicited from the plaintiffs' attorney. Moreover, it is not apparent from the

record as to why it is necessary to call him as a witness. Thus, the appellant failed to demonstrate that the testimony of the plaintiffs' attorney was necessary. Therefore, disqualification was not warranted (*see Broadwhite Assoc. v Truong*, 237 AD2d 162 [1997]; *Plotkin v Interco Dev. Corp.*, 137 AD2d 671 [1988]; *cf. Fernandes v Jamron*, 9 AD3d 379 [2004]; *Korfmann v Kemper Natl. Ins. Co.*, 258 AD2d 508 [1999]).

We decline to reach the appellant's remaining contentions, as they are improperly raised for the first time on appeal and/or are based upon matter dehors the record. Spolzino, J.P., Santucci, Florio and Dickerson, JJ., concur.