■ MICHAEL GOLDSTEIN et al., Respondents, v VENERA HELD, Appellant. (Action No. 1.) VENERA HELD, Appellant, v MICHAEL GOLDSTEIN et al., Respondents. (Action No. 2.) [859 NYS2d 707]—

In an action for specific performance of a contract for the sale of real property (action No. 1), and a related action, inter alia, to recover damages for fraud (action No. 2), Venera Held, the defendant in action No. 1 and the plaintiff in action No. 2, appeals (1) from an order of the Supreme Court, Rockland County (Weiner, J.), dated September 11, 2007, and (2), as limited by her brief, from so much of an order of the same court dated September 12, 2007 as granted those branches of the motion of Michael Goldstein and Chaya Goldstein, the plaintiffs in action No. 1 and the defendants in action No. 2, which were to dismiss the complaint in action No. 2 pursuant to CPLR 3211 (a) (4) and to cancel the notice of pendency filed in that action, and denied her motion in action No. 1 to disqualify counsel for the plaintiffs in that action.

Ordered that the appeal from the order dated September 11, 2007 is dismissed as abandoned; and it is further,

Ordered that the order dated September 12, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In her brief on appeal, the appellant raises no arguments addressing the order dated September 11, 2007. Hence, she has abandoned her appeal from that order (*see M & W Registry, Inc. v Shah,* 46 AD3d 771 [2007]).

The Supreme Court providently exercised its discretion in denying the appellant's motion to disqualify the respondents' counsel in action No. 1 (*see Bentvena v Edelman,* 47 AD3d 651 [2008]). The appellant argued that disqualification was warranted under the witness-advocate rule (*see* Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be

abridged absent a clear showing—on which the party seeking disqualification carries the burden—that counsel's removal is warranted (*see Bentvena v Edelman*, 47 AD3d 651 [2008]; *Haberman v City of Long Beach*, 298 AD2d 497, 498-499 [2002]; *Broadwhite Assoc. v Truong*, 237 AD2d 162, 162-163 [1997]). Here, the appellant failed to offer any proof as to the content or subject matter of testimony that might be elicited from the respondents' attorney (*see Bentvena v Edelman*, 47 AD3d 651 [2008]). Nor did she demonstrate how such testimony would be so adverse to the factual assertions or account of events offered on behalf of the respondents as to warrant disqualification (*see Broadwhite Assoc. v Truong*, 237 AD2d 162, 162-163 [1997]).

The appellant's remaining contentions are without merit. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.