■ HUDSON VALLEY MARINE, INC., Respondent, v TOWN OF CORTLANDT et al., Appellants. [865 NYS2d 122]—

In an action, inter alia, to recover damages for malicious prosecution, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered April 23, 2007, as denied their motion to disqualify the plaintiff's counsel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff owns and operates a marina on the Hudson River adjacent to Kings Ferry Road in the Town of Cortlandt. On April 19, 2000, the State of New York Department of Environmental Conservation charged the plaintiff with violating the Environmental Conservation Law by dumping fill into the Hudson River on that day without a permit. The defendant Barbara Miller, the Deputy Director of Code Enforcement for the defendant Town of Cortlandt, issued a "stop work" order the same day and, a few days later, issued appearance tickets to the plaintiff regarding the alleged dumping. In May 2000, the plaintiff pleaded guilty to the Environmental Conservation Law charge, and on June 30, 2000, was sentenced to a conditional discharge. The Town charges which were the subject of the appearance tickets were eventually dismissed.

The plaintiff commenced this action, alleging, inter alia, that the Town's issuance of, among other things, the stop-work order, and the Town's prosecution of the charges that were ultimately dismissed, caused the plaintiff to sustain damages. Following depositions of the plaintiff's principals and their son, nonparty Steven Winkelmann, it became apparent that certain advice allegedly given the plaintiff by its attorney with respect to the stop-work order, as well as certain communications be-

tween the attorney and nonparty Steven Winkelmann, might be material to the issue of the plaintiff's damages. In prior appeals in this case, we held that the plaintiff had waived the attorney-client privilege with respect to the communications between the plaintiff's principals and its attorney, and that the attorney could be deposed (*see Hudson Val. Mar., Inc. v Town of Cortlandt,* 30 AD3d 378 [2006]). We also held that there was no attorney-client privilege with respect to these matters in the communications between the attorney and nonparty Steven Winkelmann (*see Hudson Val. Mar., Inc. v Town of Cortlandt,* 30 AD3d 377 [2006]), and that Winkelmann could be further deposed regarding those communications. After the attorney was deposed, the defendants moved to disqualify him on the ground that his testimony was necessary, inter alia, on the issue of whether the plaintiff's alleged damages were the result of the defendants' actions or, instead, of the attorney's advice. In the order appealed from, the Supreme Court, among other things, denied the defendants' motion. We affirm the order insofar as appealed from.

A party's entitlement to be represented in ongoing litigation by counsel of its choice is a valued right (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 440 [1987]; *Haberman v City of Long Beach,* 298 AD2d 497, 498-499 [2002]; *Broadwhite Assoc. v Truong,* 237 AD2d 162, 162-163 [1997]). Nevertheless, an attorney may be disqualified when, in the exercise of discretion, the court determines that the attorney's testimony is necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d at 445-446; *Bentvena v Edelman,* 47 AD3d 651 [2008]; *Nationscredit Fin. Servs. Corp. v Turcios,* 41 AD3d 802 [2007]; *cf.* Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). The burden of demonstrating the necessity of the attorney's testimony is on the party seeking his or her disqualification (*see Bentvena v Edelman,* 47 AD3d 651 [2008]). In determining whether the attorney's testimony is necessary, the court must consider the relevance of the expected testimony and must "take[ ] into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d at 446).

Here, the defendants did not meet their burden of demonstrating that the attorney's testimony was necessary (*see Goldstein v Held,* 52 AD3d 471 [2008]; *Bentvena v Edelman,* 47 AD3d 651 [2008]). Even assuming that the deposition testimony of the defendants Miller and Conlon regarding expected compliance with a stop-work order did not render the attorney's advice

here superfluous, in the posture of this case, the persons who received the advice may testify about it and other persons who communicated with the attorney about matters relevant to the case may offer evidence regarding the content of those communications, thereby rendering the attorney's own testimony unnecessary. Consequently, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to disqualify the plaintiff's counsel. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.