█ WILLIAM WOLFSON, Respondent, v MARTIN L. POSNER et al., Appellants. [869 NYS2d 804]—

In this action to recover damages for legal malpractice, the defendants moved to disqualify Richard Yeskoo, and his law firm, Yeskoo, Hogan & Tamlyn, LLP, from representing the

plaintiff on the basis that Yeskoo had knowledge of the underlying litigation from which the allegations of legal malpractice arose. The defendants, citing Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21), maintained that Yeskoo, and members of his firm, were necessary witnesses for the plaintiff.

"Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987] [citations omitted]; *see Hudson Val. Mar., Inc. v Town of Cortlandt*, 54 AD3d 999, 1000 [2008]). "A party's entitlement to be represented in an ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing—on which the party seeking disqualification carries the burden—that counsel's removal is warranted" (*Goldstein v Held*, 52 AD3d 471, 471-472 [2008]).

The defendants failed to meet their burden. Accordingly, the Supreme Court providently exercised its discretion in denying their motion (*see Bentvena v Edelman*, 47 AD3d 651 [2008]; *Zutler v Drivershield Corp.*, 15 AD3d 397 [2005]; *Arons v Charpentier*, 8 AD3d 595 [2004]; *Kaplan v Maytex Mills*, 187 AD2d 565 [1992]).

The defendants' remaining contention is without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.