In a matrimonial action in which the parties were divorced by a judgment dated November 3, 2003, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated March 26, 2009, as denied her cross motion to disqualify the law firm of Steven Siegel, EC., from representing the defendant in a post-judgment action to modify the judgment.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the cross motion is granted.
A party’s right to be represented by an attorney of his or her own choice is “a valued right which should not be abridged absent a clear showing that disqualification is warranted” (Zutler v Drivershield Corp., 15 AD3d 397 [2005]; see Wolfson v Posner, 57 AD3d 979 [2008]; Goldstein v Held, 52 AD3d 471 *642 [2008]). The party seeking to disqualify a law firm or an attorney bears the burden of demonstrating the need for disqualification (see Gulino v Gulino, 35 AD3d 812 [2006]). In the instant case, the plaintiff met that burden. Accordingly, the Supreme Court erred in denying the plaintiffs cross motion to disqualify the law firm of Steven Siegel, EC., from representing the defendant in a post-judgment action to modify the judgment of divorce. Dillon, J.P., Eng, Belen and Hall, JJ., concur.