■ Eugene Palladino, Respondent, v CNY Centro, Inc., Respondent, and Amalgamated Transit Union Local 580, Appellant. Eugene Palladino, Respondent, v CNY Centro, Inc., Respondent, and Charles Watson, as Business Agent of Amalgamated Transit Union Local 580, et al., Appellants. [903 NYS2d 643]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered October 27, 2009. The order granted the motion of plaintiff to disqualify the law firm representing defendants Charles Watson, as business agent of Amalgamated Transit Union Local 580, and Amalgamated Transit Union Local 580.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced these consolidated actions seeking damages arising from the allegedly wrongful termination of his employment by defendant CNY Centro, Inc. (Centro). Prior to his termination, Centro disciplined plaintiff on two separate occasions, and the union that represented him, defendant Amalgamated Transit Union Local 580 (ATU), declined to submit his grievances to arbitration. Plaintiff moved to disqualify the law firm representing defendant Charles Watson, as business agent of ATU, and ATU on the ground that

he intended to call a partner of that firm as a witness. According to plaintiff, the partner misrepresented himself as plaintiff's attorney to two potential witnesses and collected evidence against plaintiff for defendants' benefit. We conclude that Supreme Court erred in granting plaintiff's motion.

Plaintiff "failed to demonstrate that the [partner] was a necessary witness . . . and that his testimony would prejudice [Watson and ATU]" (*McElroy v Kitchen*, 254 AD2d 828 [1998]; *see Plotkin v Interco Dev. Corp.*, 137 AD2d 671, 673-674 [1988]; *see also Goldstein v Held*, 52 AD3d 471 [2008]). At most, plaintiff demonstrated that the partner's testimony may be relevant to the litigation, which is insufficient to warrant disqualification (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]; *McElroy*, 254 AD2d 828). Finally, we conclude that the law firm's continued representation of Watson and ATU would not create an appearance of impropriety (*see generally Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]). Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.