■ CARNEGIE ASSOCIATES LTD. et al., Appellants, v LERNER, ARNOLD & WINSTON, et al., Respondents. (And a Third-Party Action.) [38 NYS3d 142]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about March 17, 2016, which granted defendants' motion to disqualify plaintiffs' law firm, unanimously reversed, on the facts and in the exercise of discretion, with costs and the motion denied.

This is a legal malpractice action to recover as damages the attorneys' fees incurred in prosecuting the appeal in a prior lawsuit alleging damages caused by defendants' discovery violations. While we agree with the motion court that the testimony of plaintiffs' attorneys, who had represented plaintiffs on the prior appeal, was necessary and that defendants did not engage in undue tactical delay in seeking disqualification on that ground, we find that defendants failed to carry their heavy burden of demonstrating that the attorneys' testimony would be prejudicial to plaintiffs (*see Broadwhite Assoc. v Truong*, 237 AD2d 162, 163 [1st Dept 1997]). The deposed attorney's failure to recall certain details during his deposition testimony, the alleged overlaps in his firm's billings, and defendants' speculation concerning the attorney's supervision of an associate not admitted to the bar do not constitute evidence that the attorney's testimony would be adverse to the interests of his clients (*see id.*).

We decline to consider the other ground on which defendants urge disqualification, which they raise for the first time on appeal. If we were to consider it, we would reject it, because there is no justification for the delay of nearly two years in raising the argument (*see St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 94-95 [1st Dept 2004]). Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.