Matter of Kala Y. v Quinn Z. (2024 NY Slip Op 05861)

Matter of Kala Y. v Quinn Z.

2024 NY Slip Op 05861

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-24-0672
[*1]In the Matter of Kala Y., Respondent,
v
Quinn Z., Appellant. (And Three Other Related Proceedings.)

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Melody A. Mackenzie, PLLC, Troy (Melody A. Mackenzie of counsel), for appellant.
Michelle I. Rosien, Philmont, for respondent.
David Bobick, Glens Falls, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Saratoga County (Michael J. Hartnett, J.), entered March 13, 2024, which, among other things, in a proceeding pursuant to Family Ct Act article 6, granted petitioner's motion to disqualify respondent's counsel and denied respondent's cross-motion for sanctions and counsel fees.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2020). The parties stipulated to a detailed custody and parenting time arrangement in August 2022, which, among other things, granted the parties joint legal and physical custody and required that the child receive speech therapy services in Washington County. The parties agreed that any change in provider must be approved by both parties in advance. Shortly after the custody agreement went into effect, the mother had the child's speech therapy services transferred from Washington County to Saratoga County. The father then moved by order to show cause to have such services returned to Washington County, and this relief was granted by Family Court. In the interim, the child missed three weeks of speech therapy.
Each party thereafter filed modification and enforcement petitions. During a fact-finding hearing on these petitions, the mother testified on direct examination that the father had consented to moving the child's speech therapy services to Saratoga County, but that the father's attorney "told the county to switch it back." The mother made similar assertions during cross-examination, blaming the father's attorney for interjecting herself into the case, resulting in the three lost weeks of speech therapy. The mother subsequently moved to disqualify the father's attorney under the advocate-witness rule, and the father opposed and cross-moved for sanctions and counsel fees. At oral argument on the motions, the father also made an oral application for a mistrial. Family Court granted the mother's motion, denied the father's cross-motion and declared a mistrial. The father appeals.
Turning first to the mother's motion to disqualify the father's attorney,[FN1] the advocate-witness rule provides that, in general, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.7 [a]). The movant bears "the burden of demonstrating that the testimony of the opposing party's counsel is necessary to his or her case, and that such testimony would be prejudicial to the opposing party" (Van Ryn v Goland, 189 AD3d 1749, 1755 [3d Dept 2020] [internal quotation marks and citations omitted]; see People v Ortiz, 26 NY3d 430, 437-438 [2015]; Lilley v Greene Cent. Sch. Dist., 168 AD3d 1180, 1183 [3d Dept 2019]). "When considering a motion to disqualify counsel, the court must consider the totality of the circumstances and carefully balance the right of a party to be represented by counsel of his or her choosing [*2]against the other party's right to be free from possible prejudice due to the questioned representation" (Lilley v Greene Cent. School Dist., 168 AD3d at 1183 [internal quotation marks and citations omitted]). Significantly, while disqualification is a matter that rests within the trial court's discretion, "[a] party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510 [2d Dept 2019] [internal quotation marks and citation omitted]).
We find that the mother failed to meet her burden of demonstrating that disqualification was warranted. To begin with, even assuming that the father's attorney made herself a witness in the first place, we disagree with Family Court's conclusion that her testimony was necessary. The relevant issue before the court was whether the mother violated the parties' agreement by moving the child's speech therapy services from Washington County to Saratoga County without the father's consent. This question can be resolved through testimony from the mother and the father, as well as certain Washington County employees who appear to have knowledge concerning the transfer of services, such that any potential testimony by the father's attorney would be cumulative and thus unnecessary (see ODS Opt. Disc Serv. GmbH v Toshiba Corp., 41 AD3d 166, 166 [1st Dept 2007]). As to the issue of prejudice, we note that Family Court did not rule upon this, as required. That said, the mother made no showing that the father's attorney's testimony would be prejudicial to the father. Given the foregoing, the mother's motion for disqualification should have been denied.
Turning to the father's cross-motion for sanctions, we discern no basis upon which to disturb Family Court's denial thereof.[FN2] The record does not demonstrate that the mother's disqualification motion, albeit without merit, was frivolous (see 22 NYCRR 130-1.1 [c]; Graziano v Andzel-Graziano, 196 AD3d 879, 883 [3d Dept 2021]).
Egan Jr., J.P., Clark, Powers and Mackey, JJ., concur.
ORDERED that the order is modified, without costs, by reversing so much thereof as granted petitioner's motion to disqualify respondent's counsel; motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: Both the trial and appellate attorneys for the child are supportive of the mother's position.

Footnote 2: Family Court correctly found that the cross-motion was untimely, as it was not served within the time demanded in the mother's notice of motion (see CPLR 2214 [b], CPLR 2215 [b]), and the father provided no explanation for the delay (see Levy v Deer Trans. Corp., 27 AD3d 279, 279 [1st Dept 2006]). Nevertheless, on the record before us, we find that the court providently exercised its discretion to consider the merits of the cross-motion (see CPLR 2214 [c]; Perez v Perez, 131 AD2d 451, 451 [2d Dept 1987]).